Reisinger v. Dulaney.

Opinion delivered May 11, 1925.

1. Landlord and tenant—gross mistake in acreage.—In an action by landlords on a rental note and contract for lease of a farm at specified price per acre, which contract stated that 762 acres of land were in cultivation, where there was testimony tending to prove a mistake in acreage of cultivated land of over 200 acres, and that plaintiffs subsequently agreed to correct the acreage, the case was properly submitted to the jury, as against a request for peremptory instruction to find for the plaintiffs.

2. Appeal and error—instruction—harmless error.—In an action on a rental note and contract for lease of a farm, error, if any, in the admission of testimony tending to show that the contract which stated the amount of acreage in cultivation was not binding on the parties *held* cured by an instruction that the recital of such stated amount was binding unless the jury should find that it was the result of a gross mistake or unless the contract was subsequently changed by mutual agreement of the parties.

3. Landlord and tenant — new agreement — consideration.— Where a dispute arose between the parties to a rental contract as to the amount of acreage in cultivation, the settlement of such dispute furnishes sufficient consideration for a new agreement reducing the amount of acreage and granting a refund of rent paid.

Appeal from Crittenden Circuit Court; *G. E. Keck*, Judge; affirmed.

*R. V. Wheeler* and *Wils Davis*, for appellant.

*Caraway & Isom*, for appellee.

Humphreys, J. This is a suit upon a rental note and contract for the year 1923, and an attachment proceeding in aid thereof, brought by appellants against appellees in the circuit court of Crittenden County. Appellants leased to appellees 762 acres of land, more or less, open for cultivation, in sections 7, 18, 19, and 30, township 9 north, range 7 east, in Crittenden County, at an annual rental of $10 per acre for the years 1922, 1923, 1924, 1925, and 1926. The contract contains a clause and paragraph pertinent to the issues involved. The clause is in the paragraph describing the several farms specified in the lease, and is as follows:

"* * * of which land (referring to the various farms) there are 762 acres of land in cultivation, more or less, according to the survey made by Cushman, March, 1920 * * *."

·The paragraph is as follows: "It is agreed by both parties that this acreage shall stand for the years 1922 and 1923, but for the year 1924 first parties can, if they so elect, have a new survey made, and that survey shall govern the acreage in cultivation for the years 1924, 1925 and 1926."

Appellee, J. B. Dulaney, filed a separate answer and cross-complaint, alleging that he was the sole party in interest, having succeeded to the rights of the other appellees, and admitting the execution of the note and contract, and alleging a gross mistake in the Cushman survey as to the acreage of lands in cultivation and a contemporaneous agreement to correct same, as well as a subsequent agreement, when he paid the rent in 1922, to ascertain the correct acreage by another survey and to rectify it. The cross-complaint contained an allegation that, according to the last survey, there were only 560 acres of land on the various farms in cultivation, and that, under the subsequent agreement modifying the first contract, he was entitled to a refund on the 1922 rent paid by him of $2,020 with interest thereon, and was also entitled to a credit of $600 for ditches which he had dug.

Appellants filed an answer denying each and every material allegation in the cross-complaint.

The right to attach the crops was not questioned.

· The cause was submitted upon the pleadings, testimony and instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee for $3,196.25, from which is this appeal.

In the course of the trial said appellee was permitted, over the objection and exception of appellants, to introduce two letters in support of his allegation that there was a contemporaneous agreement to correct the

Cushman survey as to acreage in cultivation, if said survey was incorrect. The letters tended to show such an agreement. The record is made up largely of testimony introduced responsive to the issues of whether there was any shortage in the acreage of cultivated lands, and, if so, how much, and whether there was a modification of the original contract to ascertain the correct acreage in cultivation by another survey to be used as a criterion for a refund of the 1922 rent and in settlement of the rents in the future. Another survey was made by Cy Bond, which showed that only 550.4 acres were in cultivation on the several farms described in the lease. The Cushman survey showed that 762 acres were in cultivation on the various farms. Both surveys were introduced, and each engineer testified in support of his own survey. Both surveyors were civil engineers. Each survey was supported by other witnesses who were familiar with the lands. The testimony was in sharp conflict upon the other issue. On the one hand, J. B. Dulaney and Louis Barton testified that a dispute had arisen between the parties as to the number of acres in cultivation in the several farms, and that Dulaney paid the 1922 rent under an agreement that the land should be resurveyed, and, if there was less land than shown by the Cushman survey, Dulaney should receive a credit in the next settlement for the shortage, at the rate of $10 per acre. On the other hand, F. W. Reisinger testified that, when Dulaney settled with him, he told Dulaney that, if he could prove to Cushman that his survey of 1920 included wild lands as lands in cultivation, he would deduct for the shortage in the next settlement, and denied that he told Reisinger, in the presence of Louis Barton, that, if Dulaney would pay appellee rent for 1922, witness would have the Cushman survey corrected and account to him for the shortage. It was admitted that appellee was entitled to a credit of $191.25 for ditching.

Appellants contend for a reversal of the judgment upon the theory that the contract as written was bind-

ing upon the parties under the disputed facts in the case, and that the court erred in not instructing a verdict for them. It is true that the contract is unambiguous, and means that the Cushman survey should govern as to acreage for the years 1922 and 1923.. It is also true that the testimony does not show that the contract was induced through fraudulent misrepresentations of appellants. It is also true that the words "more or less," after the description of the lands, would not justify the admission of testimony showing a material variation in the acreage, as such words are construed to apply to slight variations in quantity when used in deeds or leases; but, notwithstanding these things, there is a rule of law exempting parties from the performance of a contract which contains such a gross mistake that it would amount to a fraud in law to enforce it. This rule is applicable in the instant case; for there is testimony tending to show a mistake in acreage of over 200 acres, which was not known at the time by the parties to the contract. There is also a rule of law that parties by mutual agreement may, subsequent to the execution of a contract, change or modify it. This rule is also applicable in the instant case, for there was testimony tending to show that, if Dulaney would pay the rent in full for 1922, appellants would correct any error in the Cushman survey as to acreage and allow Dulaney a credit therefor.

The court correctly submitted this case to the jury on both these theories, and did not err in refusing to peremptorily instruct a verdict for appellants.

If it be conceded that it was error to introduce the two letters as tending to show that the contract as drawn was not binding upon the parties, the error was cured by instruction No. 2 to the effect that the Cushman survey was binding upon the parties as to acreage unless the jury should find the specified acreage was the result of a gross mistake, or unless the contract was subsequently changed by mutual agreement of the parties.

The contention of appellant that there was no consideration to support the new agreement, if made, is not sound, for a dispute had arisen between the parties as to the acreage, the settlement of which furnished sufficient consideration to support the new agreement.

Appellants make the further contention that, under the undisputed facts, they are entitled to a judgment for $3,458.80. We think not, for there is a dispute in the evidence as to the amount of acreage in cultivation on the several tracts.

No error appearing, the judgment is affirmed.

Mr. Justice SMITH not participating.